UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| KENNETH J. CROWDER, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Case No. 4:13-CV-1916 (CEJ) |
| LITTON LOAN SERVICING, L.P., et al., | ) ) ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on defendants' motion to dismiss the complaint. Plaintiff has responded in opposition, and the issues are fully briefed.

### I. Background

In September 2008, plaintiff, Kenneth J. Crowder, and his then-wife Kyleen Crowder, applied for a loan to refinance their home in St. Charles, Missouri. On October 15, 2008, Mrs. Crowder informed plaintiff that she wanted a divorce, and moved to California. Plaintiff notified the lender, Equity One Mortgage, that his wife had moved and he could no longer refinance. Equity One told plaintiff that he could still proceed with refinancing. Accordingly, on October 31, 2008, plaintiff signed a note and a deed of trust securing the loan. Plaintiff claims that Mrs. Crowder was not present and did not sign the deed of trust. He also claims that no notary was present to witness his signature, and he did not receive a copy of the signed deed of trust. On March 28, 2009, Mrs. Crowder signed a quitclaim deed, releasing the home to plaintiff, and on May 6, 2009, the Crowders divorced.

Mortgage Electronic Registration Systems, Inc. (MERS) was the original servicer of plaintiff's loan. MERS transferred the servicing of the loan to defendant Litton Loan Serving, LP., and Litton provided a copy of the deed of trust to plaintiff. That copy bears both plaintiff's and Mrs. Crowder's signatures and is notarized. Litton later assigned the servicing of the loan to defendant Ocwen Loan Servicing, LLP.

Plaintiff alleges that defendants have obtained payments and have instituted several foreclosure proceedings against his property based on a fraudulently executed deed of trust. He asserts claims of "fraud/forgery" (Count I) and conversion (Count II), and seeks monetary damages, attorneys' fees, and seeks a declaration that the deed of trust and mortgage are null and void.

II. Discussion

In their motion, defendants argue that the complaint fails to state a claim of conversion and fails to state a claim of fraud.[1] The purpose of a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure is to test the legal sufficiency of the complaint. A viable complaint must include "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level." Id. at 555. The factual allegations of a complaint are assumed true and construed in favor of the plaintiff, "even if it strikes a savvy judge that actual proof of those facts is improbable." Id. at 556.

---

[1]The defendants also move to dismiss on the ground that plaintiff failed to join necessary parties. See Fed. R. Civ. P. 19. However, for the reasons set out above it is unnecessary to address the joinder issue.

### A. Count I - Fraud/Forgery

"In alleging fraud… a party must state with particularity the circumstances constituting [the] fraud…" Fed.R.Civ.P. 9(b). To satisfy this heightened pleading standard, "the complaint must identify the 'who, what, where, when, and how' of the alleged fraud." United States ex rel. Joshi v. St. Luke's Hops., Inc., 441 F.3d 552, 556 (8th Cir. 2006). Plaintiff's claim of "fraud/forgery" fails to satisfy this standard. The complaint does not explain the basis of defendants' liability or their involvement in the alleged forgery. Plaintiff does not allege that defendants committed the forgery, or knew - or even suspected - that Mrs. Crowder's signature was forged. Instead, he vaguely alleges that the signature was forged by someone, at some point in time. Plaintiff's complaint provides few clues as to the exact nature of the alleged fraud, so defendants have assumed in their briefs that plaintiff is attempting to assert a claim of fraudulent misrepresentation under Missouri law. Rule 9(b) is designed to prevent exactly this sort of guess, and to allow defendants to respond swiftly and adequately to allegations of fraud. See United States ex rel. O'Keefe v. McDonnell Douglas Corp., 918 F.Supp. 1338, 1345 (E.D. Mo. 1996) (discussing the purposes of Rule 9(b)). Because Count I of the complaint does not meet the pleading requirements of Rule 9(b), it will be dismissed for failure to state a claim.

### B. Count II - Conversion

Assuming all of the facts alleged in the complaint are true, plaintiff has not stated a plausible claim of conversion. "Conversion is the unauthorized assumption of the right of ownership over the personal property of another to the exclusion of the owner's rights." Emerick v. Mut. Ben. Life Ins. Co., 756 S.W.2d 513, 523 (Mo. 1988) (*en banc*) (citing Maples v. United Sav. and Loan Ass'n, 686 S.W.2d 525 (Mo. Ct. App.

1985)). Plaintiff alleges that his ex-wife's signature on the deed of trust was forged. He does not allege that any signature on the note itself was forged or that the note is legally infirm in any other respect. He admits that he signed the note, borrowing funds and obligating him to repay those funds with interest. Thus, the allegations of the complaint do not state a claim for conversion, as plaintiff paid money to the defendants pursuant to the terms of the promissory note. Count II of the complaint will be dismissed for failure to state a claim on which relief may be granted.

\*\*\*

Accordingly,

**IT IS HEREBY ORDERED** that defendants' motion to dismiss [Doc. #5] is **granted**.

A separate order of dismissal will be filed.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 8th day of April, 2014.